

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELODIE BITTE | CIVIL ACTION |
| VERSUS | NO. 06-5648 |
| UNITED COMPANIES LENDING CORP, ET AL. | SECTION "N" (1) |

### <u>O R D E R</u>

Presently before the Court are the Rule 12(e) Motion for a More Definite Statement (Rec. Doc. No. 15) and the Rule 7(b)(1) Objection to Plaintiff's Unspecified "Motion" (Rec. Doc. No. 13) filed by Defendant EMC Mortgage Corporation ("EMC") on November 27, 2006.[1] **IT IS ORDERED** that the motion for more definite statement is **GRANTED** to the extent that EMC requests that amendment be ordered.

While Plaintiff's amended complaint (Rec. Doc. No. 5) contains more information than does her original complaint, the Court agrees with Defendant that it still does not satisfy the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure and does not provide the

---

[1] EMC's motion actually is set for hearing before Magistrate Judge Sally Shushan on December 20, 2006. Given the undersigned's discussion in open court with Plaintiff on November 29, 2006, regarding the factual background of this dispute, the undersigned, rather than Magistrate Judge Shushan, shall rule on the motion. For the same reason, the Court does not find it appropriate to delay consideration of the motion until the December 20, 2006 hearing date or to entertain opposition from Plaintiff regarding the motion. A second amendment of the complaint undisputedly is warranted.

defendants with sufficient information upon which to base an appropriate answer or other response.[2] In other words, Plaintiff's amended complaint must provide enough detail and background information for the defendants to understand how and why Plaintiff believes that they have wronged her. Accordingly, if Plaintiff desires to proceed any further with this litigation, she must file a second amended complaint, providing this information, on or before December 29, 2006. Plaintiff must also serve the defendants with the second amended complaint in accordance with Rule 5 of the Federal Rules of Civil Procedure, and file a certificate of service into the Court's record.

        In her second amended complaint, Plaintiff is to specify which defendant has taken what action and stated when that action occurred. Dates, if available, are to be included. In other words, Plaintiff is to briefly explain "who, what, when, where, why, and how" regarding the defendants' alleged wrongdoings. For example, Plaintiff cannot simply assert that one or both of

---

[2]     Rule 8(a) of the Federal Rules of Civil Procedure provides:

**(a) Claims for Relief.** A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Rule 10 (b) of the Federal Rules of Civil Procedure provides:

**(b) Paragraphs; Separate Statements**. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

the defendants "lied" or used "false pretenses" or "manufactured documents" or effected a "false property transfer." Rather, she must explain the factual basis for each of these accusations in the manner the Court has indicated.

At the hearing held in the matter on November 29, 2006, the Court discussed Plaintiff's claims with her to some extent. Defendants are advised that they should consider ordering a transcript of that proceeding from the court reporter, as it may provide some helpful information regarding Plaintiff's claim. <u>If a transcript is prepared and provided to the defendants, the court reporter is instructed the telephone number and email address that Plaintiff provided in court are to be redacted from the transcript.</u> In addition, a copy of the transcript shall also be placed in the Court's record for review by the undersigned and Plaintiff,

Regarding contact information for Plaintiff, <u>defense counsel</u> are advised that the undersigned will disclose Plaintiff's telephone number and email address, upon request, for use only by <u>counsel</u> and only in connection with this litigation. <u>This information, at the present time, shall not be provided to the defendants themselves.</u> Currently, only Defendant EMC is represented by counsel in this matter. Unless otherwise ordered, Plaintiff is to inform the Court if anyone, other than EMC's counsel, attempts to contact her regarding this matter on behalf of EMC. The same rule shall apply with respect to United Companies if and when counsel enrolls to represent it in this matter.

New Orleans, Louisiana, this 8th day of December 2006.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

Clerk to Copy:

Magistrate Judge Sally Shushan
Court Reporter Karen Ibos